IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CARLOS VELASQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, INC.,<br><br>    Defendant. | **REPORT AND RECOMMENDATION DENYING [3] MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Case No. 2:25-cv-00674-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

On August 12, 2025, Plaintiff Carlos Velasquez (Plaintiff) filed his Motion for Leave to Proceed In Forma Pauperis (Motion) (ECF 3). In the Motion, Plaintiff asserts he is without sufficient funds to pay the filing fee and asks the court to waive it. The undersigned submits the following Report and Recommendation and recommends that Plaintiff's Motion be denied. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005) (explaining a report and recommendation must be submitted to address this issue).

## REPORT

Under 28 U.S.C. § 1915, a federal court may authorize the commencement of a civil action without payment of the fees for a person who lacks the financial means to pay those fees. 28 U.S.C. § 1915(a)(1). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister*, 408 F.3d at 1312. Pursuant to the District of Utah's local rules, a party must complete and file a Motion to Proceed In Forma Pauperis to show a financial inability to pay the required fees. *See* DUCivR 3-2(a)(1). The local rules further state that "a party's total monthly income must be equal to or below 200% of the United States poverty guideline as issued each year in the Federal Register by the Department of Health and Human Services for the 48 Contiguous States and the District of Columbia." DUCivR 3-2(a)(1)(A). Proceeding IFP in a civil case "is a

1

privilege, not a right." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). "The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court." *Cabrera v. Horgas*, 173 F.3d 863, 863 (10th Cir. 1999).

Based upon the information contained in the Motion, Plaintiff's reported income far exceeds 200% of the federal poverty guideline (ECF 3 at 3). Accordingly, Plaintiff does not qualify as indigent. *See* DUCivR 3-2(a)(1)(A). Furthermore, based on his monthly expenses, as stated in the Motion, it appears that Plaintiff has approximately $575 in excess funds at the end of every month (ECF 3 at 3–6). The undersigned therefore finds that Plaintiff has failed to demonstrate a financial inability to pay the required filing fee, and he has not demonstrated that he qualifies to proceed *in forma pauperis* under 28 U.S.C. § 1915. For those reasons, the undersigned recommends that the Motion be denied.

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion be DENIED without prejudice (ECF 3).

IT IS FURTHER RECOMMENDED that Plaintiff prepay the full filing fee of $405 within 30 days for this action to proceed.

IT IS ADDITIONALLY RECOMMENDED that Plaintiff be cautioned that failure to fully pay the filing fee within 30 days after this Report and Recommendation will result in dismissal of this action without prejudice.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a

copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 14 August 2025.

                                               Magistrate Judge Cecilia M. Romero
                                               United States District Court for the District of Utah