FILED
2025 AUG 25 AM 9:28
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| *Carlos Velasquez,* Plaintiff | **Case No. 2:25-cv-00674-DKA-CMR** |
| *v.* | Plaintiff's Affidavit on Conditions for Recusal of Members of the United States District Court for the District of Utah: Complaint against Hon. Dale Kimball, Bias of the Judge Against the Law |
| *Amazon.com Services Inc.,* Defendant | |

Pleading for Honorable Recusal

1. The Constitution of the United States of America is dedicated to *the people* without *exception,* so any of the people have any right not to be intimidated by *perjury,* nor any kind of persistent and applied *threat* to commit perjury. We demonstrate *nul tiel record* Hon. Dale Kimball has made such an implied threat in the past, and cannot preside.

2. 28 U.S. § 144, law states, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

1

3. 28 U.S. § 455(a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned."

4. Additionally we show several other jurists in this court *may not preside,* see Grounds below.

GROUNDS

Cause 1

5. Hon. Judge Dale Kimball *will be* obligated to recuse once a new case is filed which involves an allegation of *Fraud on the Court* against Judges in the District of Utah who comitted *perjury* to have protected him; the brief is in its *final production phases.*

6. The Plaintiff has *in production* since April 2024 new *civil action* for *Fraud on the Court* wherein Judge Dale Kimball took *judicial action* to *disfavor the plaintiff* in **Case No. 2:20-cv-205-DAK/DB-PMW,** ***Velasquez v. State of Utah;*** without grounds in that instance the jurist issued a statement who declared, "The Court certifies the Plaintiff's current appeal is not taken in good faith. Plaintiff failed to plead plausible causes of action against Defendants. Despite filing a lengthy Complaint, Plaintiff's allegations were vague and difficult to decipher. Moreover, his claims were barred by claim preclusion." **See Above Case, Doc. No. 40.**

7.  The Complaint was an explicit application described in *Saucier v. Katz,* 533 U.S. 194 (2001), with a multi-part *test of process* evaluating *frivolous* and *misapplied* statutes in Utah Division of Aging and Adult Services/Adult Protective Services, an *administrative censure;* it subjected the plaintiff and family to *administrative* and not *civil scrutiny,* and cannot ever be described the way it was described by Hon. Mr. Kimball; Hon. Mr. Nuffer; Hon. Mr. Benson; prejudice of the Circuit Court *notwithstanding.*

8.  There was pending an allegation of *Fraud on the Court* against the now deceased Hon. Judge Dee Benson, whom Hon. Mr. Kimball *did not review* at the time of his declaration. **See Addenda. (Note:** A deliberate *malpractice strategy* is evident; *intentional collateral error,* had Hon. Mr. Kimball reviewed the *Fraud on the Court* motion prior to the disposition, considering difficulty of the circumstance of the death of the jurist by a brain tumor, and even carrying the implication of prior such errors on his part; Hon. Mr. Kimball refused the *cause of action* narrative, while the *claim preclusion* issue was at the center of the same question: the plaintiff would have been obligated *to rewrite* the complaint within the dispositive motion and not have *incorporated it by reference,* that is a *collateral error* where *issues orientations* are concerned.)

9.  On the death Hon. Mr. Benson the case was stalled on *transfer* to the Circuit Court, the plaintiff filed *Notice* (Id. Doc. No. 38) of the death of the Judicial Officer, and the court immediately reassigned it to  Hon. Mr. Kimball, who immediately and without supporting his resolution, declared the plaintiff's application was unwarranted and disfavored the appeal.

10. *Disfavor against the appeal* appeared to be a cryptic token for *subornation to commit perjury* in *constructive malpractice;* admitted to the Circuit Court, and admitted as before the District Court: the victim of *malpractice* has a "narrow" opportunity to evade *obstruction of justice,* which includes *enforced recusal* standards which were *disobeyed* and *perjured* against by *all of the jurists* in those relevant cases; the force of contempt under color of skepticism is used to do extreme harm to *the people* who are before them.

11. Restated, the appeal subsequently suffered *Fraud at Determination* while members of the Circuit Court plainly conspired against the Plaintiff and his cause of action, a subject under Family Law and Constitutional Law. **Those papers are within the court's record.**

12. The Hon. Deceased may have been ill at the time, and his disposition of the matter was convoluted and improper; he falsely stated the *supplemental authority* of the Court's jurisdiction wherein the Judiciary had refused to confer sufficient standing upon the Plaintiff, and falsely testified the force of the *Rooker-Feldman* doctrine, the jurist did not resolve a meaningful question of the prejudicial disposition under the Federal and Civil Rights Act Jurisdictions, and were mistaken upon Hon. Judge David Nuffer's declaration against precedence under the jurisdiction of the Administrative Procedures Act; Hon. Mr. Nuffer's opinion improperly and illiberally ruled out statutory action to amend the Jurisdiction of the Complaint and *falsely testified* the authority of said *doctrine.*

13. Hon. Mr. Kimball bears direct and intentional *false testimony* of the case; to improperly have insulated judiciary who were in *strict conference,* and imposed such a *personal*

4

*opinion* against all measure of propriety than *fraud* and *judicial malpractice,* but has risked *invasion of privilege* on *conspiracy to obstruct Justice* and *violate Civil Rights;* his prior *ruling* is a veiled threat to *maintain circumstances of perjury against the plaintiff,* and THEREFORE may *recuse* and be *disqualified,* Hon. Mr. Kimball *may appear to be biased against the law,* moreover he *may not adjudge conditions of his personal and official liability,* when it comes to Pro Se Plaintiff, Carlos Velasquez who at the time had declared he was a Civil and Bureaucratic Federalist proceeding to vindicate a question of family law that was wrongfully suppressed, as based in the **Addenda.**

Cause 2

14. The immediate case matter of *constructive termination* shows circumstancial dispositions in part aggravated by *related* case matters; Hon. Mr. Kimball magnifies the same *threat of perjury* as was aggravated by Hon. Judge Howard Nielson and Hon. Magistrate Jared Bennet, who *falsely testified* the plaintiff could have *no cause of action* against Hon. Mr. Kimball for *fraud on the court;* whether they perceived *civil action* against jurists to be overbearing, or whether the left the entire case construction technically unresolved, they conspired to commit *perjury* and violate the constitutionality of *declaratory judgment.*


15. **See Exhibit No. 17** (this case) where the Case No. 2:22-cv-00133-HCN (Case No. 22-4098), *Velasquez v. Hon. Baldock et al.* is featured as a narrative cause related to the circumstance of the disposition; Hon. Mr. Kimball was *defendant* wrongfully vindicated, properly served by mail.

16. The present case is a matter consistent with *stalking;* stalking as a practice engages all kinds of *personal capacities,* some of which are not harmful and confer benefits, and some of which can only do harm; the complaint against Hon. Mr. Kimball is of the latter sort.

17. Restated, the jurist bears any appearance of *intent* to maintain a politicized *stalking culture,* as marked against from District Court, to destroyed Workplace Opportunity, to the University System, and back to the District Court, where all of this began, it is inappropriate for a jurist to demand *cause* and *remedy* from the *victim* without having undergone *rehabilitation* from *malpractice.*

18. These cases are nowhere near resolved; the crime *active* and *ongoing,* while the judiciary remain improperly insulated having breached confidence of the perimeter of their discretion; *perjury, conspiracy,* and *obstruction;* the action that amounts to a format for *political stalking, stalking* as after *the power of the people,* is ongoing, nearto the same disposition, and even the plausible ethos of *workplace stalking* who would know the victim by his disposition are all transferable if *civil integrity* is not maintained.

Cause 3

19. "A Judge should avoid impropriety and the appearance of impropriety in all activities." CJC3.

20. *Fraud on the Court* demands a question of *criminal malpractice*, the even appearance of Hon. Mr. Kimball's name upon the docket has aggravated the open criminal posture of the

6

Republican Party, who refuse to admit their own partisans may suffer civil and criminal liability; there is a plain *partisan-conferential conspiracy* playing out in the United States of America, and *the people* have any right not to be governed under *strict conferential* ethics, who refuse standing against some of *the people,* who from time-to-time *falsely testify* in the cause of *personal conference.*

21. Their decision to *falsely testify,* to proceed the government under *strict conference* does rather admit a cause to demand his resignation, or his open opinion *to recant,* confess all the crimes that he knows, and promise theretofore to remain *dedicated to the people without exception* and guarantee the *promissory resolution* of a *beneficent government; rehabilitation.*

22. A decision not to do so may impose an improper *chilling effect* on the party with even a narrow demonstration of related *malpractice, Fraud on the Court;* may constitute *criminal attrition.*

CONCLUDING ARGUMENT

1.

23. The Canon of Judicial Conduct Nos. 2 and 3 prevails on a rational standard to admit not just *very definite* grounds for recusal, but evenly conditions the mere *appearance* of a *conflict of interest* or an *impropriety;* we read Canons 2 and 3 *synthetically* because the standards are interpreted to be designed *to improve confidence* and NOT to impose

vexatious standards, nor standards prohibitive to effective litigation and official precedence.

24. In this way, the rule for recusal is non-prejudicial and dignitary; the judiciary refusing does seek a higher standard of review, and does take a *conferential privilege* from the party who makes a showing that would NOT arise to a standard of even low-level *plausibility.*

25. Critically, the District of Utah has one prominent instance of *false testimony* under the 28 U.S. § 455 to which any *refusal to recuse* wherein former Senior Judge Paul Cassell *authorized* Senior Judge Ted Stewart to preside over a case where he had *professional exposure* to circumstances close to the *cause of action,* "[Section] 455(a) does not require recusal based on *unsubstantiated suggestions of personal bias or prejudice.* Rather, the inquiry is *limited to outward manifestations and reasonable inferences drawn therefrom.*" *Salt Lake Tribune v. AT&T Corp.,* 353 F. Supp. 2d, 1160 (2005). A *synthetic* standard is a plain "outward manifestion."

26. *Recusal* is not a dispositive standard, and rejecting a recusal query requires the Judicial Officer to more or less prove it is a *vexatious* application of the statute; *Salt Lake Trib.,* the attorney therein sought the recusal of Judge Ted Stewart because he worked for the Utah Governor's Office at the time the governor had *personal knowledge* of the business deal that threatened propriety of the *Salt Lake Tribune* magazine, it had been inadvertently sold to AT&T and a saving clause had to be enforced confidently through the courts, cost the

magazine's original ownership an excessive amount of money, and postured a "culture war" type of courtroom polemics.

27. Literally, the governor testified on the subject of *recusal* that Hon. Mr. Stewart did not have *personal knowledge* of the subject-matter at the time, and that testimony was treated *putatively* by Hon. Mr. Cassell who apparently *exaggerated* the standard of review to allow Hon. Mr. Stewart to preside then, where he would be engaged with the President of the LDS Church who was subject to some interrogatory, Hon. Mr. Stewart *personally biased,* and held a *personal interest* to be in the presence of an important *religious authority.*

28. It was plain the level of knowledge in the Governor's office could have borne *prejudice* that was damaging either to the public-facing politics of the magazine, or damaging to the confidence of its *ownership* where *confidence* was an issue. Because *confidence* falls into a meaningful question of the *perimeter* of both the Governor's Office and the Hon. Mr. Stewart's precedence there, Hon. Mr. Cassell committed *perjury* to impose a faulty review standard under Section 455(a); arguably the narrow *perjury* was used to demean the magazine before Party, Church, and Country, and certainly is construed herein to be an informal permission slip.

29. Beyond a persistent appearance of a *conflict of interest,* the standard of *authority* and *credibility* apparently outweighed the civil integrity of the Public Law, so we can argue therefrom, the District Court has a *historical precedence* to *falsely testify* on recusal

questions of *polemical* and *political* nature; whenever it may suit the Republican Party, or whenever it would protect the liability of a jurist, it does *take exception.*

30. The cases *in production* show persistent perjuries from those jurists who in-turn conducted the *Fraud on the Court* and related *Recusal* motions improperly; they effectively *avoided* the *Fraud on the Court* precedence, and designed a criminal posture based in the *conferential privilege* of the Republican Party to proceed under *preterition;* restated, they are no longer under oath and have *falsely dedicated* their agency.

31. This same question is persistent, and unresolved *nul tiel record,* and so it is proper for the jurist to have recused while we present a credible allegation how a *Fraud on the Court* question remains unanswered, while the Court's membership have coerced the circumstance of inordinate prejudice their active opinions are untried; we develop litigation even now to expose the truth of the matter, and because that will compromise even in part the precedence of Hon. Mr. Kimball, he may *recuse* himself now, and allow precedence of *disqualification* to begin to impose order upon the court.

2.

32. The opportunity is so proximate to restoration of this party's dignity, and yet the court cannot have secured its opinions in the same breadth where the Plaintiff is pursued by the circumstance of *judicial malpractice.*

33. It compromises the perimeter of official discretion to have *criminally abused procedures; false testimony* to commit *perjury,* 18 U.S. §§ 1001, 1621, the jurist as *biased against the law* when it comes to the efficient Party.

2.

34. The Judiciary in the United States District Court for the District of Utah has *repeatedly* constructed a disposition of malpractice against this plaintiff; Hon. Mr. Nielson and Hon. Mr. Bennet *falsely reported* a cause of *vexatious litigation* against the plaintiff which had *no grounds;* it was rooted in *criminal discrimination* to protect the judiciary from *constitutional resolution,* the absolute *judicial immunity* without a providential standard, even liability for *Fraud on the Court,* and additionally composed black letter construction for *malpractice per se;* their malpractice was to have insulated Hon. Mr. Kimball for this exact instance, to prove the right of *invasion of privilege,* one evenly protected against under the Amended Bill of Rights, and proscribed against by the Public Law.

35. Moreover, the properly *constitutional* format for precedence should unseat an undisciplined Republican Party, and they may be biased to protect the political conference above *the people.*

36. This is a repeated and episodic attempt to have abused procedures to intimidate and destroy the right to petition; even admitting *unsubstantiated abuses of procedures* allows the action under *false testimony* to pass under color, which allows the *criminal tortfeasor* to

repeatedly reassert *criminal authority* over a *traumatic episode; gross criminal malpractice.*

37. The action to impose the *fee* against the plaintiff yet bears the mark against the Plaintiff-Victim*,* in spite of the Magistrate's non-prejudicial posture on declension of the *in forma pauperis* petition. The fee is presently paid.

38. There are multiple Jurists in this jurisdiction who are subject to the substantiated lawsuit presently *under preparation,* the following:

   1. **<u>D.UT Case No. 2:22-cv-00133-HCN-JCB</u>:** Senior Howard Nielson,  Magistrate Judge Jared Bennet, Senior Judge Jill Parrish, Senior Judge Robert Shelby

   2. **<u>D.UT Case No. 2:20-cv-00205-DB</u>: Judge** Dale Kimball, Judge Dee Benson (dec.), Judge Paul Warner (ret.)

   3. **<u>D.UT Case No. 2:18-cv-00728-DN</u>:** Judge David Nuffer, Judge Paul Warner (ret.)

23. Other members of the court will also be made Defendants:

   4. Operations Manager, Jeffery Taylor; Staff Attorney, Tiffany Brown; Intake Supervisor, Amy Faust; all for *tortious interference* and *invasion of privilege, violation of civil rights.*

24. In the public opinion  of this Person, Citizen, and Family, those named jurists may resign from their positions because they maintain a suppressive culture consistent with a

12

bureaucratic degree of *terrorism;* a stalwart culture of *promissory harm,* the persistent threat to commit *perjury* in hardened *black collar ethics,* and have no longer dedicated their agency to *the people.*

25. They have committed those crimes while the Republican Party has socially engineered a genocide in Jerusalem-Gaza, while the Republican Party to have plotted repeatedly to steal the elections, while the Presidency has designed those crimes to bear the appearance of *intentional negligence,* and does expose the Plaintiff and Victim to the overbearing prejudice of *parliamentary review* sub rosa, and does *radicalize* its own posture in *false testimony* of its dedication to *the people,* forever covering up criticism, how the Supreme Court has committed *Perjury* against the Fourteenth Amendment, and the Presidency has become proceeded in a *false* and *threatening* testimonial posture, how the Supreme Court has abandoned constitutional resolution and designed a conferential government apparently dedicated to genocide.

26. For whatever reason, their *political conference* has chosen to enforce an *inferior destiny* and the actions of the Judiciary prejudice an allegation of *criminal contempt* that is literally beyond the United States Department of Justice; they have no confidence in prosecuting *Republican* aligned jurists, nor does our Federal Agency show a consistent interest in doing so; because we can prove there was *perjury* we have a *civil cause of action* against the United States; the judiciary must remain impartial and dedicated to *the people*, and must

recuse when they are subjected to an effective *criminal malpractice complaint* in the *civil context.*

27. For the government to *learn* and *integrate* actual *civil intelligence* it cannot proceed by *exception* from the *Public Law,* and cannot violate the law to have harmed the Petitioner, cannot demand *personal, official,* or "sovereign" immunity in contempt of *the people,* not in any way, shape or form; the Public Law is expressly proscriptive and prohibitive to protect *civil integrity* as measured in any of *the people,* and not held as some organic derivative.

28. See Addenda.

29. s/Carlos Velasquez _____

30. Civil Bureaucratic Federalist

# ADDENDA

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAY 0 8 2020

D. MARK JONES, CLERK
BY_____
        DEPUTY CLERK

Carlos Velasquez, Appellant

1848 Ramona Ave

SLC, UT 84108-3112

PH: 801.671.0361

E: cfv1983@gmail.com

| | |
|---|---|
| Velasquez<br><br>v.<br><br>State of Utah, by & through Utah<br><br>Legislature including the Utah Office<br><br>of Legislative Research and General<br><br>Counsel, The Utah Department of<br><br>Human Services, Agencies, *et al.* | Case No. 2:20-cv-00205-DB-PWM<br>(Central Dist. of Utah) |

MOTION TO SET ASIDE FOR FRAUD ON THE COURT[1]

PLEASE DO READ!!![2]

CONSCIENCE, CONSTITUTION, MENTAL HEALTH, AND LIVELIHOOD

DEPEND UPON YOUR IMPARTIALITY, URGENCY AND HONESTY!!!

---

[1] Motion is filed pursuant to Rule 12(b), DuCivR 7-1, for any question to the form of the paper.
[2] Notice: Precedence of the Chief Judge is requested to prevent a miscarriage of justice, respectfully found 28 U.S. § 136(b).

1

STATEMENT

1. Presented is a Motion to Set aside a judgment for *Fraud on the Court*, with objections to the present order as if by a defensive motion respective Fed. R. Civ. P. 12.

2.        Also entailed are grounds for Recusal of the Judge Benson.

3.        Grounds for new trial, with new time for pre-trial replies.

4.        The decision of Hon. Dee Benson was received 4/29/20, dated 4/27/20. This objection and motion is timely provided from the date of receipt.[3]

5.        There is grounds to state a dual jurisdiction; the Federal Question related to the Older Americans Act as controlling effect interpreting Utah Code § 62A-3-301, *et seq.* where it violates discrete prohibitions of coercion of participation under the OAA, by authorizing an administrative censure for purposes related to Utah Department of Professional Licensing, other agencies

6.        The Civil Rights Act, upon the same violation of the OAA, finds ethical redundancy, frivolousness, and lacking Due Process to be a pervasive bias of covert prosecution under color of questions of protective order and undue expression of administrative privilege.

_____

[3] A copy of the order is available upon any entry of Appearance by parties served process, a free copy is available at: https://ecf.utd.uscourts.gov/cgi-bin/DktRpt.pl?119531.

2

7.     The prejudices are complex enough not to restate every element of the case in this objection; it should be sufficient to state that a *Writ of Prohibition* is sought under 42 U.S. § 1988, wherein the Civil Rights Act appears efficient to carry the Federal Question, that this is the pre-trial question which must become answered after sixty days time, and before the commencement of a trial for a punitive fine.

8.     The Complaint is appropriately organized to isolate Jurisdictional claims,[4] the Statement of the Complaint,[5] Facts and Alleged Facts,[6] the Argument,[7] and Relief[8] is in order to isolate a default interest in a *Writ of Prohibition,*[9] and several interrogatory subpenae.[10] Cause of action is defined at Fed. R. Civ. P. 52(c), partial judgment, and requires responsive defenses from State of Utah.

9.     The Statement of the complaint provides insight into the complexity of the question, that it involves several UDHS agencies, and the argument develops the grounds for injunction, fine, is synthetic.

---

[4] ECF No. 4, at Page 22 (1)

[5] *Id.,*, at Page 30 (9)

[6] *Id.,* at Page 27 (6).

[7] *Id.,* at Page 57 (36).

[8] *Id.,* at Page 70 (49).

[9] *Id.,* at Page 71 (50) ¶191.

[10] *Id.,* at Page 89 (68).

3

## OBJECTIONS

### I.

10.    Two times now, a Judge in this court has dismissed this question without subject-matter basis; the *in forma pauperis* statute has been expressed as jurisdiction *per se,* with a prejudice to preclude the challenge against an unconstitutional statute by *Rooker-Feldman* doctrine, without any express statement of the case to define either deficiency of the subject-matter jurisdiction, or failure of the application.

11.    Hon. Mr. Benson's opinion lacks subject-matter, is not related to any part of the petitioner's complaint. Hon. David Nuffer's opinion which is critically relevant and controlling to Hon. Mr. Benson's opinion also lacks subject-matter jurisdiction. (Fed. R. Civ. P. 12 (b)(1)). Both opinions as cited in the dispositive order refer only to the IFP statute and make no recognizable claim related to any statement Velasquez actually pleaded.

12.    Both opinions are provided beside a Supplemental brief of disclosures wherein all prior case process is available.[11]

13.    The only conclusion the petitioner can reach is that Hon. Mr. Benson has not actually read the Complaint he cites to a deficiency, "[P]laintiff's complaint

---

[11] ECF No. 4-7.

4

in this action is generally confusing and difficult to comprehend. As best the court can decipher, it appears that Plaintiff's complaint alleges that his civil rights were violated in the proceedings in the Administrative Case and that certain Utah statutes and legislation are unconstitutional."[12]

14.    Objection finds the above statement is only an allegation of fact which requires some direct trial; on its face, the counterclaim withstanding is that Hon. Mr. Benson has not appreciated the complexity of the plenary claim upon the complaint. It is actionable at present.

15.    The petitioner notified this court beside the disclosure that there are grave deficiencies in what was described, "*Velasquez I,*" primarily that rulings did not comply with *Exxon Mobil Corp.* v. *Saudi Basic Indus. Corp.* 524 U.S. 280 (2005), given a lack of subject-matter,

> "A Federal Court lacks jurisdiction only if (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgment; (3) the judgment was rendered before the federal suit was filed; and the plaintiff is inviting the district court to review and reject the state judgment." *In re Philadelphia Entm't Partners* v. *Commonwealth of Pennsylvania Dept. of Revenue,* 569 B.R. 394 (E.D. Pa. 2017), citing *Great Western Mining & Mineral Co.,* v. *Fox Rothschild LLP,* 615 F.3d at 166.[13]

---

[12] ECF No. 18, at Page 6.
[13] ECF NO. 4-7, at Page 12.

16.    The Judge has rather expressed the *in forma pauperis* statute as jurisdiction related to Civil Rights Act, and did not address any part of the administrative case, the federal question, or the Federal Administrative Procedures Act. The opinions of any Utah Appellate Court are not cited, and if those were reviewed the Judge would have difficulty finding same grounds for any claim preclusion within *Rooker-Feldman* doctrine.

17.    The IFP statute should be evaluated *under* jurisdiction, and any deficiency from the queried application more specific thereof. Otherwise, the Judge ignores the direct jurisdictional question and falsifies claim preclusion.

18.    Hon. Mr. Benson stated,

> "[u]nder this transactional approach adopted by the Tenth Circuit, the court concludes that of Plaintiff's 'claims or legal theories of recovery' in this action against State Defendants 'arise from the same transaction, event, or occurrence.' *Wilkes* v. *Wyo. Dept. of Empl. Div. of Labor Standards,* 314 F.3d 501, 504 (10th Cir. 2003).[14] Plaintiff's complaint in this action make it clear that, as in *Velasquez I,* all of his claims and legal theories have their genesis in the Administrative case."

19.    *Wilkes* itself is sustained of *King* v. *Union Oil Co.,* 117 F.3d 443 (10th Cir. 1997), a Rule 56(c) standard, that a "[S]ummary Judgment is appropriate if there

---

[14] *Id.* at Page 10 ¶ 2.

6

is no genuine issue as to any material fact and… the moving party is entitled to judgment as a matter of law."

20.      Hon. Mr. Benson is leaving out an important part of the decision in *Wilkes,* "This court has repeatedly held that 'all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." *Wilkes* at 504, citing *Mitchell* v. *City of Moore,* 218 F.3d 1190, 1202 (10th. Cir. 2000).

21.      This is neither a civil cause at action without Federal laws to find a Federal question intervening to action by and under the Civil Rights Act (this is a late pre-emption case), nor is there any subject-matter basis against which a Summary Judgment related to the IFP statute, as should have been found from Hon. David Nuffer, and opinions from Utah Appellate Courts.

22.      It is unclear, in terms of the *transactional approach,* if Hon. Mr. Benson finds that claim preclusion voids new application for original jurisdiction in employment contracts, or criminal IFP filings, and so civil IFP filings, "Under [the transactional] approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred

from subsequent litigation." *Wilkes* citing *Nwosun* v. *General Mills Rest.,* Inc., 124 F.3d 1255, 1257 (10th. Cir. 1997).

*23.*    Hon. Mr. Benson enlarges the comparison by *Wilkes* in order to use the *transactional approach* to disfavor applications of jurisdiction held mitigating *Rooker-Feldman* applications per *Exxon Mobil* as presented of *In re Philadelphia Entm't Partners*.

24.    *Wilkes, transactional approach,* is improperly expressed *pari passu,* to make a deliberate casualty out of the plaintiff's petition against Judicial power to distort a Rule 56 precedence without subject-matter. To preclude the claims in the same expression as *Rooker-Feldman* claims, *transactional* approaches must not only identify the same parties, but they must first find precisely where the plaintiff expresses the same claim upon the Summary Judgment.

25.    It is mandatory to have evaluated the question on the petition against the substance of the Hon. David Nuffer's opinion in order to establish subject-matter relevance. Otherwise, "claim preclusion" interest is only partial to terminate because *King* finds there is obvious dispute of the subject-matter basis as related to the complaint, as should define *Rooker-Feldman* applications when true.

26.    The previous attempt is not recognizable as a resolution for the second attempt under the same jurisdiction. Velasquez declared on the Supplemental Brief

that he held the allegation the previous process was perjured, and was intent upon a new filing to redress that disposition.[15]

27.    Any other rulings expressed are badly placed and do not require deposition while there is lacking subject-matter basis for resolution against applications for jurisdiction.

II.

28.    The process conducted by the court is insufficient (Fed. R. Civ. P. 12(b)(6)).

29.    Hon. Mr. Benson has issued a dispositive order after service of process, with time for replies, has not notified those parties served, and as stated on objection I, lacks subject-matter jurisdiction to have defined the case question as cited.

30.    Such discomposure is likely a result of assignment of the process to a magistrate under 28 U.S. § 636(b)(1)(B).

31.    The complaint requests magistrate assignment for non-dispositive matters, under 28 U.S. § 636(b)(1)(A); the magistrate assignment was made by a separate clerk than the clerk issuing summons, and a separate clerk from the clerk who made docket corrections.

---

[15] *Id.,* at Page 15 (13) ¶65.

32.     A judge or clerk in chambers looking at a petition and attempting to decide whether it were sufficient, or if the magistrate's precedence was due could arbitrarily assign the case to a magistrate for all dispositive matters as a means of conducting frivolous IFP review. A review of the Docket finds the person assigned the case was "reb."

33.     Subsequently, Hon. Mr. Benson presumes state of Utah's position without stating it, and without allowing the State to reply.

34.     It is possible the motion for Reassignment of the Magistrate,[16] which requested assignment per the complaint, would have completely prevented an undue termination.

III.

35.     Statements regarding Defendants are incorrect, the complaint has not been reviewed, and the Clerk has not informed the judge of the dialogue presented related to original Summons.

36.     The motion at Summons clarifies this.[17] The Administration on Aging, as related to the American Commission on Living, has subject-matter precedence per several statutes as cited from the petition.

---

[16] ECF No. 11.
[17] ECF No. 9, at Page 4 (4).

10

37.      The Operations Manager does not clarify whether the court would allow a non-defendant Respondent agency upon the docket, as summoned to reply, and only removed the named party therefrom leaving the ACL agency upon the docket.[18] The resultant problem is not dispositive to the case, and depends upon whether the Administration on Aging will respond to any independent queries.

38.      If the complaint had not become terminated, any action by Administration on Aging might have clarified it. Otherwise, a motion for a written interrogatory in the same scope of the question could be sufficient.

39.      Either way, the question was not answered, and the rebuke against the petitioner resultant of lacking diligence by the clerk in chambers is not respectful, and also a result of lacking communications between the Operations Manager, the Docketing Clerk, and the Judge and Clerk in Chambers.

CONCLUSIONS

I.

40.      Hon. Mr. Benson is unduly prejudiced to terminate the case and cannot reference any petition or decision to find the exact place where Velasquez' expressions are deficient, or redundant. The fraudulent precedence avoids emphasis

---

[18] Addenda, at Page 4 (4/14/20, Page 4/5).

11

of redundancy, and overrelies upon a negative form of "res judicata," that unmerited expression *pari passu.*

41.     Hon. David Nuffer's position is only speculative and no better, and as stated elsewhere, the Court of Appeals did not recognize any statutory question than declared Velasquez seeks repair against the State court judgment,[19] when it was a plenary challenge against a statute as stated most generally under the statement of jurisdiction.[20] A critical evaluation of instant *Rooker-Feldman* application should have recognized the procedure was fraudulently composed.

42.     Without a statutory basis to preclude any claim, as to find a claim was precluded in Utah Appellate courts, "The Supreme Court has made clear that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights: 'A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S. § 1331 to resolve." *The Wilderness Society* v. *Kate County, Utah* 470 F. Supp. 2d 1300, 1304 (D. Utah 2006) citing *Shaw* v. *Delta Airlines, Inc.,* 463 U.S. 85, 96 n.14 (1983).

---

[19] ECF No. 4-5, at Page 12 (005).
[20] ECF No. 4, at Page 22 (1).

43.     The Older Americans Act, as stated in complaint's Jurisdiction, has Federal question jurisdiction as defined both in OAA statutes 42 U.S. § 3027 and 3058i,[21] and Utah Administrative Rule R510-1, which cites the OAA.[22]

44.     The Civil Rights Act may share the same standing in a course of vindication, given precisely that 42 U.S. § 1988, Proceedings in vindication of civil rights, prevails the Federal question when it states, "The jurisdiction in civil and criminal matters conferred on the district courts... shall be exercised in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect[.]"[23]

45.     I do not perceive there to be a controversy of *Exxon Mobil* expressed by Supreme Court, I rather argue the case presents dual jurisdiction of the standing of the Civil Rights Act.

## II.

46.     The pre-trial case review is highly-decentralized, apparently speculative to the Judge's opinion, and left highly vulnerable to casualty of process. Any petition with ambiguities/uncertainties about a disposition, whether a judge will

---

[21] ECF No. 4, at Page 34 (13) ¶46.
[22] *Id.,* at Page 29 (8) ¶31.
[23] *Id.,* at Page 23 (2) ¶5.

13

allow the petition, or about parties named and served, is at risk for partial judgment, not on the merits.

47.    The process is insufficient; State of Utah has not been allowed to plead its cause related to the subject matter, while the standing of the law was in balance upon "claim preclusion," the Summary implicit which neglected jurisdiction. Is also not impartial, than expressed of apparent prejudice to close the matter.

III.

48.    Problems with American Commission on Living as related to the Administration on Aging, named as a respondent party, and not defensive, are not substantive, and yet require some further pre-trial action to clarify given new information in the appellant's possession.

IV.

49.    Statements on Motions are premature; without properly establishing subject-matter jurisdiction, literally the question of the subject-matter of the complaint under a qualified and exclusive jurisdiction, where any review of a motion before magistrate assignment, or after having actually read the petition, may have prevented the present circumstance.

50.    All non-dispositive motions are not moot, but due.

14

MOTION

51.     "Fraud on the court is a somewhat nebulous concept usually discussed in civil cases. No court system can function without safeguards against actions that interfere with its administration of justice. This concern must be balanced against the necessity for finality of court judgments; thus, only actions that actually subvert the judicial process can be the basis for upsetting otherwise settled decrees.

52.     "Professor Moore's definition is frequently cited[:] Fraud upon the court should embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct[.] *Moore's Federal Practice and Procedure ¶ 60.33*." *Demjanjuk* v. *Petrovsky,* 10 F.3d 338, 352 (6th Cir. 1993).

53.     Given there is not subject-matter basis for Hon. Mr. Benson to have discovered in Hon. David Nuffer's opinion found in the Supplemental Brief, that claim preclusion of *Rooker-Feldman* doctrine simply has not accounted for the jurisdictional application on this complaint, just as the original claim did not account for the statements on the original complaint, and that declarations of a confusing complaint are not based on subject-matter than find the IFP statute having subsumed

15

the jurisdictional application, are themselves only alleged fact and not substantial fact, that there is referenced on this paper with clarity where the petitioners claims arise and terminate, anticipating a centralizing motion for partial judgment, finding both relevant jurisdictions, can only have concluded the case and complaint must survive any premature *sua sponte* action to dismiss as holding significant defenses under Rule 12, and permit the State of Utah the burden of actually defending a State law against United States, as proceeded by the Appellant.

54.    Rather, the opinion cited expresses the *in forma pauperis* statute as a jurisdictional and appellate qualification to distort the nature of the case; 28 U.S. § 1915, that is as the textual law is applied, a judge may be putting emphasis on a terminology of "appeal" than "civil action," or may have leant Section 1915A to a undue screening treatment by 28 U.S. § 1915(2)(B)(ii), in the same motion that would have already identified an action were frivolous or malicious, or which seeks monetary relief after an evaluation of qualified immunity.

55.    That is, the Judge makes a knowledge claim about the case as to dismiss it, to reduce the time the court works upon it, but covers up the statement that should be relevant as if inappropriate, and rather appears to put himself and Hon. David Nuffer at immediate liability for *conspiracy, contempt, fraud, obstruction,* and *perjury.* There is executed the reverse of the justiciable effect of the stated IFP

16

termination; any wrongful politicization may be a pervasive bias to damage the rights of citizens, IFP petitioners, prisoners, independent petitioners.

56.    The opportunity to appeal the decision, or to amend it, was corrupted beyond recognizability, and the Federal Jurisdiction substantively protects the plaintiff's claims as based in *King*, although at some increased effort in reading the prior process.

57.    The following, as based upon the foregoing, are due:

(1) Hon. Mr. Benson's Order and Judgment are due Set Aside for *Fraud on the Court* (Fed. R. Civ. P. 60(d)(3)).

(2) Notice is due to State of Utah, renewal of time for replies, upon New Trial (Fed. R. Civ. P. 59), renewed the original service of this process dated 4/20/20.[24]

(3) Motions held moot are due; as clarification of summons to Administration on Aging, or whether the party labeled ACL will be removed from the docket entirely; clarification of the jurisdiction of the magistrate is due after a planning meeting.

(4) Hon. Mr. Benson may recuse from this proceeding, 28 U.S. § 455(a); his honor's impartiality is reasonably in question where there lacks any

---

[24] ECF No. 17.

significant evidence of his reading of the complaint, than any prejudice to
terminate a case from the docket, given there is significant grounds for the
question that was presented and served.

(5) The court may open a new case for any of the following questions: (a)
*contempt of court* 18 U.S. § 401(2) – *perjury* 18 U.S. § 1621; (b) to
consolidate a motion to amend a judgment related to *Velasquez* v. *State of
Utah, et al.* Case no. 2:18-cv-00728-DN.

(6) A motion to recover costs at frivolous delay, time on the motion against
the pre-trial process, against Hon. Mr. Benson, 28 U.S. § 2412, a minimal
fine under 42 U.S. § 1983.

Any decision not to Set Aside by the court requires a Hearing
(Fed. R. Civ. P. 12(i); it is absolutely unacceptable to have harmed me, or my family,
pursuant to any *Fraud* or *Perjury*. I was not allowed any objection to the order just
as subject-matter jurisdiction and process are obviously insufficient.

SIGNATURE

s/Carlos Velasquez, Appellant

Civil Bureaucratic Federalist

18

# ADDENDA

Appellant Email Communications With Operations Manager (4/13/20 - 4/14/20)..............................................................................................Page 001

5/6/2020                                                  Gmail - Docket Changes; Case 2:20-cv-00205-DB-PMW

 Gmail                                           Carlos V <cfv1983@gmail.com>

**Docket Changes; Case 2:20-cv-00205-DB-PMW**
5 messages

**Carlos V** <cfv1983@gmail.com>                                        Tue, Apr 14, 2020 at 12:32 PM
To: UTDecf Clerk <utdecf_clerk@utd.uscourts.gov>

Dear Clerk,

I am noting recent changes on the docket; defendant parties have been added.
The Administration on Aging is a non-defendant party, with a genuine interest to the question and should not be labeled as a
defendant.

Also, none of my pre-trial motions have been addressed. This leaves the case stalled, and enlarges time. Further result, I am unable to
access electronic documents to make any timely issue. Why has the court not acted?

Thank you,

Sincerely,
Carlos Velasquez, Appellant
Civil Bureaucratic Federalist
PH: 801.671.0361
E: cfv1983@gmail.com

**Jeff Taylor** <Jeffery_Taylor@utd.uscourts.gov>                         Tue, Apr 14, 2020 at 2:36 PM
To: "cfv1983@gmail.com" <cfv1983@gmail.com>
Cc: John Durham <John_C_Durham@utd.uscourts.gov>

Good afternoon, Mr. Velasquez.

Your concerns from yesterday and today were forwarded to me for a response. I apologize for the delay in getting back to
you.

I will do my best to address your concerns.

First, as to the timing of the court's ruling on your non-dispositive motions. The court does its best to address motions in a
timely manner. The decision of when to rule on a motion is up the individual judge so at this time I cannot give you a
timeframe as to when they might be ruled on.

Second, as to the defendants in your case. The front page caption of your complaint listed only the State of Utah, Utah
Department of Human Services, Utah Division of Aging and Adult Services/APS and Utah Office of Administrative
Hearings as the defendants so the clerk who opened the case added them as the defendants. However, upon my review
 I did see that you listed additional defendants later in your complaint. I have instructed the clerk's office to add those
additional defendants, which has been completed. If I understand your most recent email, Lance Robertson, Assistant
Secretary to the Administration on Aging, should be removed as a defendant. I will remove him unless you wish him to
remain.

If you wish to submit proposed summonses for those defendants the clerk would be happy to issue them for you. Once
the court finishes it screening of your case under the IFP statute, the clerk will forward the summonses to the US

https://mail.google.com/mail/u/0?ik=a35517a20b&view=pt&search=all&permthid=thread-a%3Ar-8256928827743710472&simpl=msg-a%3Ar-8248666…    1/5

001

5/6/2020                                    Gmail - Docket Changes; Case 2:20-cv-00205-DB-PMW

Marshal's Service for service.


The summonses issued have not been served by the court. They can be sent once the screening process is complete or you can serve them now with you paying the costs.


As to the proper venue of filing this case, that is something that you as the plaintiff would need to determine on your own.


Should you have any other questions, John Durham, law clerk Chief Magistrate Judge Paul M. Warner, would be happy to answer them. I have cc'd him to this response to give you his email information.


Best Wishes,



Jeff Taylor

Operations Manager

U.S. District Court

District of Utah



**From:** UTDecf Clerk <UTDecf_Clerk@utd.uscourts.gov>
**Sent:** Tuesday, April 14, 2020 1:42 PM
**To:** Jeff Taylor <Jeffery_Taylor@utd.uscourts.gov>
**Subject:** FW: Docket Changes; Case 2:20-cv-00205-DB-PMW




**From:** Carlos V <cfv1983@gmail.com>
**Sent:** Monday, April 13, 2020 12:48 PM
**To:** UI Support <UI_support@utd.uscourts.gov>
**Subject:** Critical Concern and Complaint; 2:20-cv-00205-DB-PMW


Dear Clerk,


I have several concerns regarding the treatment of my case.

5/6/2020                                      Gmail - Docket Changes; Case 2:20-cv-00205-DB-PMW

(1) A motion to file electronic papers has not been reviewed, I am unable to access documents I require to complete initial service. This motion was filed April 1, and it is two weeks without a responsive form.

(2) I declared a number of defendants on the complaint I filed, and the clerk appears to have construed a number of them to be non-defendants; only one party is a non-defendant. The refusal to issue amends my original discretion incorrectly and the motion is now pending before the judge presiding for seven days.

Both of the actions are non-dispositive, and essential to the vitality of the case, the court as I may lawfully access it. My concern is that the case is not being leant any sufficient priority as defined on the complaint.

There is Federal law which promotes cases have a civil priority; this case declared that on the complaint's procedural statement at page viii.

This is three weeks from the opening of the complaint; and we are not yet allowed to access critical documents, our parties not summoned, and our procedural statements are not respected. This is a cause of grave concern because the procedural motion has not been prioritized to the extent required to successfully initiated a petition.

Several Questions:

1) What is the current status of summons issued 4/6/20? Are these presently mailed? What is the regular term for issue of non-dispositive motions?

2) What is the appropriate venue of complaint at this stage?

3) Is the clerk aware that when he or she amends a statement of action, such as a summons, by interpreting it, or refusing it, that it constitutes an infringement unless it is defined? Refusal to act destroys the right to petition, and destroys the genius of the case.

4) Is the clerk aware that coercing a form of summons which does not respect the case is abusive?

5) Why has the Judge in chambers, or the magistrate, not returned non-dispositive motions?

My principle concern is that this Civil Rights case is being attacked; and not on grounds, but in a suppressive and defamatory manner. The court's only advisement at present is Fed. R. Civ. P. 72; I am not aware of good reason the clerk should refrain from issuing a summons, and I am also not aware of any good reason the court may require two to three weeks to complete the most basic filing procedures.

At any rate, I am extremely worried and concerned that this case is not being respected sufficiently to define the issue. Any information provided is appreciated. Thank you for taking this seriously.

Carlos Velasquez, Appellant

https://mail.google.com/mail/u/0?ik=a35517a20b&view=pt&search=all&permthid=thread-a%3Ar-8256928827743710472&simpl=msg-a%3Ar-8248666…    3/5

003

5/6/2020                                Gmail - Docket Changes; Case 2:20-cv-00205-DB-PMW

Civil Bureaucratic Federalist

E: cfv1983@gmail.com

PH: 801.671.0361

**Carlos V** <cfv1983@gmail.com>                                    Tue, Apr 14, 2020 at 2:52 PM
To: Jeff Taylor <Jeffery_Taylor@utd.uscourts.gov>

Mr. Taylor,

Thank you for your reply.
Yes, please remove Mr. Robertson from a list of defendants. The Administration on Aging is not a defendant to this complaint; the agency has a respondent standing which may require an opinion. I would like to request a response directly to the same question, and if the the AOA cannot be summoned in a non-defendant capacity, I will make a direct petition to the agency.

I will look for any other communications.

Sincerely,
Carlos Velasquez, Appellant
Civil Bureaucratic Federalist
PH: 801.671.0361
E: cfv1983@gmail.com

[Quoted text hidden]

**Jeff Taylor** <Jeffery_Taylor@utd.uscourts.gov>                   Tue, Apr 14, 2020 at 3:01 PM
To: Carlos V <cfv1983@gmail.com>

You're very welcome, sir.

Based on that information, Mr. Robertson has been deleted from the case. As such, since they are not defendants we will not be able to issue any summonses for him or the AOA.

Best,

Jeff Taylor

Operations Manager

U.S. District Court

District of Utah

5/6/2020                                    Gmail - Docket Changes; Case 2:20-cv-00205-DB-PMW

[Quoted text hidden]

**Carlos V** <cfv1983@gmail.com>                                  Tue, Apr 14, 2020 at 3:03 PM
To: Jeff Taylor <Jeffery_Taylor@utd.uscourts.gov>

Understood, sir.

Carlos Velasquez, Appellant
Civil Bureaucratic Federalist
PH: 801.671.0361
E: cfv1983@gmail.com

[Quoted text hidden]

Case 2:20-cv-00205-DAK    Document 20    Filed 05/14/20    PageID.655    Page 25 of 27



PRIORITY MAIL
FLAT RATE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

UNITED STATES
POSTAL SERVICE®

PRIORITY®
MAIL

- Date of delivery specified*
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally a customs declaration label may be required.

* Domestic only

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

P S 0 0 0 0 1 0 0 0 0 1 4

 This envelope is made from post-consumer waste. Please recycle - again.

UNITED STATES
POSTAL SERVICE®    Click-N-Ship®

0005

US POSTAGE
$7.75
Flat Rate Env

Mailed from 84108    062S00000001309

PRIORITY MAIL 1-DAY™

Expected Delivery Date: 05/08/20

C002

CARLOS VELASQUEZ
1848 E RAMONA AVE
SALT LAKE CTY UT 84108-3112

Carrier -- Leave if No Response

SHIP
TO:  CLERK OF THE COURT
     UNITED STATES COURTHOUSE, DISTRICT OF UTAH
     351 S WEST TEMPLE, RM 1.100
     SALT LAKE CTY UT 84101-1908

USPS TRACKING #

9405 5036 9930 0366 7693 50

Electronic Rate Approved #038555749

To schedule free
Package Pickup,
scan the QR code.

USPS.COM/PICKUP

* Domestic only.    * For International shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.





FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAY 0 8 2020

D. MARK JONES, CLERK

BY_____
              DEPUTY CLERK

Carlos Velasquez, Appellant

1848 Ramona Ave

SLC, UT 84108-3112

PH: 801.671.0361

E: cfv1983@gmail.com

NOTICE TO THE CLERK AT FILING

Dear Clerk,

At precedence, I am compelled to declare a perjury is becoming substantive by a Judge presiding to this case, and file A Motion to Set Aside for Fraud on the Court.

Because the integrity of the motion may be circumvented by a premature termination, as without deposition of the motion, the same defamation against the matter petitioned, where there lacks a subject-matter basis for any recognizable judgment than an IFP statute, it is critical to find both Hon. Mr. Benson and Hon. Chf. Judge Mr. Shelby are notified of this filing.

Please see the Certificate of Service to verify; if a criminal action is under way in the courthouse, I do not personally anticipate that any actor will adjust his own fraudulent declarations upon the instant motion, nor is there any guarantee to his recusal before acting against the motion.

I am aware the Chief Judge may take precedence at his official attendance to any matter per 28 U.S. § 136(b), "The chief judge shall have precedence and preside at any session which he attends."

1

I have provided three reading copies to each chamber to attempt guarantee this matter takes some serious visibility before the case is totally damaged.

I have also requested upon a cover letter served, that defendants make an entry of appearance at this point in order to circumvent privation against their representation, a fraud on their behalf while this important question is disregarded.

This letter should be included in the case file with the filing; an unbound original is provided with two copies.

Respectfully,

s/Carlos Velasquez, Appellant

Civil Bureaucratic Federalist

5/7/20

2

Carlos Velasquez, Appellant

Case No. 2:20-cv-00205-DB-PWM

Velasquez v. State of Utah, by & through Utah Legislature, agencies, *et al.*

1848 Ramona Ave

Salt Lake City, UT 84108

PH: 801.671.0361

E: cfv1983@gmail.com

NOTICE: precedence of the Chief Judge is requested to prevent a miscarriage of justice, respectfully found 28 U.S. § 136(b).

To all persons served the above case process,

I.

I, the appellant and plaintiff, must allege there is an ongoing perjury and sedition currently being committing in chambers of on Hon. Dee Benson of United States District Court, District of Utah, whereon his honor does neither read a petition, nor does he conduct a judicial review, than falsifies a statement of "claim preclusion" by *Rooker-Feldman* doctrine where no opinion in any court has yet tried the substantive question.

My best opinion is the Hon. Mr. Benson has either very little faith in IFP petitioners, citizens generally, or does not understand faithfully the United States Constitution. He, following the bad example of Hon. David Nuffer, has used the IFP statute as jurisdiction and terminated the case therefrom. He now uses such a standard to define claim preclusion without any statement of jurisdiction.

1

His references to Hon. David Nuffer's opinion, and an opinion from the Tenth Circuit Court of Appeals find absolutely no subject-matter basis for any derivative statement of termination therefrom. No court has heard this question, and both the Older Americans Act and the Civil Rights Act precedent the question to the Federal district.

The result is that the court's opinions reference absolutely no statutory interest, and provoke the immediate question of contempt of court by perjury, obstruction of justice (because the claim actionable when evaluated impartially), conspiracy against right (by sedition); the court is discomposed directly against me, the plaintiff, without a justiciable explanation than an alleged fact, the petition is confusing and difficult to decipher.

It is rather treated comparably to an instance featuring malicious statements; without any Restatement of the complaint by any Judge, there is no respective question, and the result is rather that any review requires an immediate inspection of all cited documents. Such a perjury and coversion reduces the likelihood the U.S. Attorney may prosecute, because the action involves investigating authenticity of a Judicial opinion.

I attempted to resolve this problem on an appeal of Hon. David Nuffer's order, but Court of Appeals rather committed the same coversion against my petition; United States Supreme Court is not apt for non-political, non-high-profile cases, and cannot be relied upon to authenticate a Court of Appeals opinion when it commits a perjury. Supreme Court has only declined *certiorari*, and preserved the originality of the Federal Jurisdiction by the substance of the court's expressions alone.

The United States District Court has jurisdiction so long as the plaintiff presents an independent claim; this is primarily a Civil Rights Act jurisdiction against an unconstitutional law. It is not a direct lateral appeal and any standing to compare it has neither been pleaded, nor represented. There is a Default position obstructed in the court at this moment from upon the complaint.

Moreover, the judgment comes unexpectedly while I am attempting to find persons representing the State of Utah available for any kind of planning meeting,

2

to resolve the most basic pre-trial and discovery questions, whether State of Utah agrees with my assessment, or how it will plead.

Any opinion held relevant does not have standing because there lacks entire subject-matter basis against the content of the complaint, having voided responses.

Such material is directly damning to the same opinion, the statutory claim made is independent to the civil rights act and depends upon the justiciability of the statute.

II.

I am presently requesting that all parties review the matter upon Hon. Mr. Benson's 12/27/20 opinion and submit to the court a position statement; a failure to do so, while I may sustain the allegation, will result in a motion at contempt against Defendants: the State is a genuine interest to any such opinion entailing its responsive interests, and will have allowed a fraudulent process to preclude its defenses, which I have not heard.

I am also requesting the Hon. Mr. Robert Shelby, Chief Judge, take action of his precedence, 28 U.S. § 136 (b), that he will attend to this matter while there is yet no more public action than an IFP disposition, in order to see Hon. Mr. Benson recuse, to Set Aside the said opinion for lack of subject-matter, among other objections.

Chief Judge Hon. Mr. Shelby is known to be honest and equitable, and I thought the same reading Hon. Mr. Benson's case history, that he does deliberately observe a *Public Standing* doctrine, and does not persuade easily. I have not read Hon. David Nuffer's case history, but find it bad that a Chief Judge make any fraudulent statements.

My opinion of the Court of Appeals is that several judges are impeachable; their actions protected the fraudulent disposition by directly fabricating a position without subject-matter basis, and rather took Hon. David Nuffer's opinion in total confidence without reviewing any document, including a *mandamus* petition.

In both instances, the clerkship drives a system which obstructs the action of summons which appears, upon criminal action, to reduce the potential liability of court officers when a State is not served because the clerk awaits a pre-trial

3

termination solely against the IFP statute. The court limits the genuine interest against an available choice for adversarial and undue cloture.

Otherwise, the dignity of the judge is controversial to the petitioner in what I can only define to be conspiracy against right of sedition, to discompose the Judicial agency against citizens, likely prisoners, IFP petitioners, and plausibly some attorneys.

I have the concern that courts have not requisitioned, and have not organized, a staff dedicated more exclusively to these kinds of claims, and so do not do them justice and only politicize their cases in misprision against the U.S. Constitution and Laws relevant.

I generalize because of the two-facedness of their process; in one instance the paper is received and filed, instructions are followed, in the next instructions are not followed and procedure is abandoned against the civil complaint and has resulted in this instance in three fraudulent opinions, and a complete failure of supervisory oversight to either its clerkship or the case under jurisdiction in United States Supreme Court.

The court's officers adversary him before any replies have been received, directly neglect summoning the defendant parties, and decentralize the court against the basic standing of the petition.

Courts have appeared totally prepared to finalize process while entire questions are left unanswered, or at deficiency are not restated and properly cited their claims.

It is unbecoming and any Judge who will not tolerate the citizen, the IFP petitioner, the *pro se* petitioner, in this aggressively humbled opinion, should resign.

The *Public Standing* doctrine in this country is much obscured, and there is a great deal of confusion about what substantiates right, and there a constant sedition springs forth to literally destroy the most superior opportunities of this nation, and those of the world which attempts to recognize it.

4

The people should never be reduced before the capacities of office than defined the plenary and mandatory interest of the law; this includes IFP claims which are under jurisdiction, IFP standing is not jurisdiction *per se.*

Such treatment, *fraud* compounding, literally mocks a petitioner's analytical isolation of "claim preclusion" from within the *Rooker-Feldman* doctrine, by yielding a procedural "claim preclusion" seemingly independent and yet reliant upon the same basis. He becomes trapped in solipsism.

Judges named defraud the court of its original jurisdiction by perjury in order to conspire against his general right to petition in order to obstruct the due processes defined on the complaint.

Please find the motion appreciable to its citations and substance.

Sincerely,

s/Carlos Velasquez, Appellant

Civil Bureaucratic Federalist

5