# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| CARLOS VELASQUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, INC.,<br><br>Defendant. | ORDER DENYING<br>MOTION TO RECUSE AND "FORMAL REQUEST TO SHOW CAUSE FOR DELAY ON ACTION FOR RECUSAL"<br><br>Case No. 2:25CV00674 DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Carlos Velasquez's Motion for Recusal and "Formal Request to Show Cause for Delay on Action for Recusal."[1]

Pursuant to 28 U.S.C. § 455, judicial recusal is required when the judge's "impartiality might reasonably be questioned" or "he has a personal bias or prejudice concerning a party."[2] The inquiry requires consideration of whether "sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality."[3] Under this test, adverse rulings cannot in themselves form the appropriate

---

[1] ECF Nos. 11 & 17. The recusal motion is styled as "Plaintiff's Affidavit on Conditions for Recusal of Members of the United States District Court for the District of Utah: Complaint against Hon. Dale Kimball, Bias of the Judge Against the Law."

[2] 28 U.S.C. § 455

[3] *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000) (citations omitted).

grounds for disqualification."[4] And importantly, "[j]udges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute 'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'"[5]

In his Motion for Recusal, Mr. Velasquez has offered no valid justification for recusal. The sole basis for the recusal request appears to be that this court has previously ruled against Mr. Velasquez.[6] It is well settled, however, that adverse rulings do not provide grounds for recusal.[7] Indeed, judges have "a strong duty to sit," and must not so broadly construe the recusal statute "that it becomes, in effect, presumptive, so that recusal is mandated upon the merest

---

[4] *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (internal citations, quotation marks, and brackets omitted).

[5] *United States v. Well*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

[6] Mr. Velasquez has previously sought the recusal of—or has filed suit against—judicial officers who rule against him in this court. *See Velasquez v. Baldock et al.,* 2:22cv00133. In that case, a magistrate judge issued a Report and Recommendation ("R&R"), recommending dismissal of the action for a variety of reasons, including failing to state a claim. *Id.* at Docket No. 37.

The district judge adopted the R&R and noted that just two days after the R&R was issued, Mr. Velasquez accused the magistrate judge of criminal misconduct. *Id.* at Docket No. 42. Mr. Velasquez then requested that district judge recuse. *Id.* at Docket Nos. 51 & 63. The judge declined, finding that it is well settled that adverse rulings do not provide grounds for recusal. *Id.* at Docket No. 63 (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988)).

Additionally, in *Velasquez v. State of Utah*, 2:20cv00205, Mr. Velasquez filed a similar recusal motion after the late Judge Benson dismissed his action. *See* Docket No. 20. Judge Benson denied the motion, recognizing that Mr. Velasquez's allegation that the court is not impartial "apparently stems solely from the fact this court decided against Plaintiff in dismissing the underlying action." *See* Docket No. 29 at 2-3.

[7] *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005); *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997); *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988); *Willner v. University of Kansas*, 848 F.2d 1023 (10th Cir. 1988).

unsubstantiated suggestion of personal bias or prejudice."[8] This court has no personal or professional connections that would call its impartiality into question in this matter, and it has issued only one decision in previous case brought by Mr. Velasquez. The decision denied Mr. Velasquez's motion to proceed *in forma pauperis* on appeal, after the Honorable Dee Benson had dismissed Mr. Velasquez's case with prejudice.[9] The Tenth Circuit later affirmed the court's dismissal of Mr. Velasquez's claims.[10] Thus, there is no reason to recuse.

Accordingly, IT IS HEREBY ORDERED that Mr. Velasquez's Motion for Recusal [ECF No. 11] is DENIED, and his "Formal Request to Show Cause for Delay on Action for Recusal" [ECF No. 17] is DENIED AS MOOT.

DATED this 8th day of October 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[8] *United States v. Well*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

[9] *Velasquez v. State of Utah*, Case No. 2:20cv205, filed on March 26, 2020, Docket No. 40.

[10] *Id.* at Docket No. 45. The United States Supreme Court denied Mr. Velasquez's petition for a writ of certiorari. *Id.* at Docket No. 48.