THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **CARLOS VELASQUEZ,**<br><br>　　　　Plaintiff,<br>vs.<br><br>**AMAZON.COM SERVICES, INC.,**<br><br>　　　　Defendant. | ORDER DENYING "MOTION TO SHOW CAUSE FOR REFUSAL, ON RECUSAL"<br><br>Case No. 2:25CV00674 DAK<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on Plaintiff Carlos Velasquez's "Motion To Show Cause for Refusal, on Recusal."[1] Plaintiff requests that another judge determine whether the undersigned judge must recuse under 28 U.S.C. § 144. The court denies Plaintiff's motion.

　　　　Section 144 states that when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."[2] Procedurally, however, the judge against whom an affidavit of bias is filed may determine the affidavit's timeliness and sufficiency.[3] While making an initial determination of the facial sufficiency of the affidavit, the judge must not determine the truth or falsity of the facts stated therein.[4] Here, without

---

[1] ECF No. 19.

[2] 28 U.S.C. § 144.

[3] S*ee, e.g.*, *Berger v. United States*, 255 U.S. 22, 32–34, (1921); *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978); *Hall v. Burkett*, 391 F. Supp. 237, 240 (W.D. Okla. 1975).

[4] *United States v. Bennett*, 539 F.2d 45, 51 (10th Cir. 1976); *Azhocar*, 581 F.2d at 738.

considering the truth or falsity of any facts stated in Plaintiff's accompanying "Victim's Affidavit,"[5] the court finds that the affidavit is insufficient to justify having another judge decide the motion.

To demonstrate that a judge should recuse under Section 144, "an affidavit of bias and prejudice must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel."[6] Importantly, "the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification."[7] "Rather, the statute only requires recusal upon the filing of a timely and sufficient affidavit."[8]

In this case, Plaintiff has not provided a certification that his accompanying Affidavit and the substantive factual allegations have been filed in good faith.[9] Similarly, in Plaintiff's previously filed "Affidavit on Conditions for Recusal of Members of the United States District Court for the District of Utah: Complaint against Hon. Dale Kimball, Bias of the Judge Against the Law,"[10] he also failed to certify that the substantive factual allegations were filed in good

---

[5] *See* ECF No. 19-1.

[6] *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam).

[7] *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 77 (D.D.C. 2010); *see also United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

[8] *Robertson*, 691 F. Supp. 2d at 77 (internal quotation marks omitted).

[9] *Western Watersheds Project v. Interior Board of Land Appeals*, 434 F. Supp. 3d 1257, 1261 (D. Utah 2020).

[10] ECF No. 11. The court construed this "Affidavit" as a motion to recuse and denied it on October 8, 2025. *See* ECF No. 18.

faith. Courts have routinely concluded that failure to comply with this requirement is grounds for denying the motion.[11]

As the court has previously stated, "[a] trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true."[12] The undersigned judge will not recuse from this case because there is no valid reason to recuse, and thus there is a duty not to recuse. Any additional motions seeking recusal will be summarily denied.

While not relevant to the instant motion, the court emphasizes, again, that "the mere fact that a judge has previously expressed himself on a particular point of law is not sufficient to show personal bias or prejudice."[13] And adverse rulings by a judge are not grounds for disqualification.[14] Stated another way, a litigant seeking to disqualify a judge must allege personal rather than judicial bias.[15] Moreover, motions alleging bias and prejudice on the part of a judge that establish simply that the affiant does not like a particular judge are not adequate to require recusal.[16]

---

[11] *United States v. Miller*, 355 F. Supp. 2d 404, 405–06 (D.D.C. 2005); *Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 54, 60 (D.D.C. 2010); *Burt v. First Am. Bank*, 490 A.2d 182, 187 (D.C. 1985); *United States v. York*, No. 86-CR-315, 1988 WL 105342, at *1 (N.D. Ill. Sept. 20, 1988).

[12] *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

[13] *Id.*

[14] *Id.* at 857-858 (citing *Martin v. United States*, 285 F.2d 150 (10th Cir. 1960), *cert. denied*, 365 U.S. 853 (1961)).

[15] *Id.*

[16] *Id.* (citing *United States v. Goeltz*, 513 F.2d 193 (10th Cir. 1975), *cert. denied*, 423 U.S. 830 (1975)).

Plaintiff had also filed a motion for an extension of time to file a response to Defendant's Motion to Dismiss. On October 21, 2025, Defendant filed a response indicating that it did not oppose Plaintiff's request for an extension.[17] Nevertheless, Plaintiff filed his response on October 23, 2025, so his request for an extension of time is now moot.

Accordingly, IT IS HEREBY ORDERED that Mr. Velasquez's "MOTION TO SHOW CAUSE FOR REFUSAL, ON RECUSAL" [ECF No. 19] is DENIED, and his Motion to Extension of Time to File Response is [ECF No. 21] is DENIED AS MOOT.

DATED this 28th day of October 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[17] ECF No. 25.