## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **CARLOS VELASQUEZ,** <br><br>     **Plaintiff,** <br><br> **vs.** <br><br> **AMAZON.COM SERVICES INC.,** <br><br>     **Defendant.** | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> **Case No. 2:25CV00674 DAK** <br><br> **Judge Dale A. Kimball** |

This matter is before the court on Defendant Amazon.com Services LLC's ("Amazon" or "Defendant")[1] Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). The court has carefully considered the Complaint, the memoranda filed by the parties, and the applicable case law and has determined that oral argument would not materially assist the court in deciding this motion. Now being fully advised, the court issues the following Memorandum Decision and Order granting Amazon's Motion to Dismiss.

While Plaintiff argues that Defendant's Motion is "premature," "improper and frivolous" "violates Rule 11(b)(2)," and violates "Rule 11(b)(1),[2] Plaintiff is simply wrong.  He appears to misunderstand the basis and purpose of the Motion, as well as the legal standard that applies. Rule 12(b)(6) of the Federal Rules of Civil Procedure specifically provide for such a motion, which assumes that Plaintiff's factual allegations are true and tests whether a plaintiff has stated a viable cause of action.

---

[1] Defendant has pointed out that Plaintiff's employer, and the correct defendant in this action, is Amazon.com Services LLC—not Amazon.com Services Inc.

[2] ECF No. 26, Pl.'s Response ¶¶ 5, 6, 49, 53.

**BACKGROUND**

Plaintiff Carlos Velasquez is proceeding pro se. His Complaint is difficult to decipher, and the factual bases of his various legal claims are not clear, but the court has tried its best to liberally construe his Complaint. In a nutshell, Plaintiff appears to assert that after working at Amazon for over four years, he resigned from his position in July 2023 because he disagreed with and complained about his disciplinary warnings and performance reviews, and he takes issue with not having been selected for a technical training program.

Plaintiff appears to pursue causes of action for (1) breach of contract; (2) harassment, discrimination, retaliation and/or hostile work environment, premised on criminal stalking statutes; (3) tortious interference; (4) fraudulent misrepresentation; (5) intentional infliction of emotional distress ("IIED"); and perhaps (6) negligence.

Despite the legal jargon and the lack of coherence in the Complaint, Defendant, in its motion, has done a commendable job of parsing through the relevant factual allegations and the causes of action that Plaintiff appears to assert. Accordingly, the court has relied heavily on Defendant's statement of facts that appear to be relevant to the causes of action that Plaintiff is likely attempting to pursue.

**RELEVANT FACTS DISCERNED FROM COMPLAINT**

Plaintiff began his employment with Amazon as a temporary Part-Time Associate at a

"DUT1" in Salt Lake City, Utah.[3] He was onboarded on April 21, 2019, and promoted to Level 3

Yard Marshall and Process Assistant after June 25, 2021.[4] Plaintiff alleges that in late 2021,

several managers "engaged in a conspiracy to issue *false statement* [sic] respecting the

Plaintiff" and "refused to hear facts" regarding unidentified "inciden[t]s."[5] Amazon then

purportedly issued disciplinary coachings to Plaintiff in November or December 2021 (for gross

insubordination) and false[ly] report[ed] four separate disciplinary instances on dates 5/29,

5/31, 6/8, and 6/9."[6] Amazon then allegedly issued another coaching in June 2022 for "[f]ailure

to adhere to stand

work guidelines" on June 13, 22 and 27, 2022.[7]

Plaintiff applied for the Amazon Technical Academy ("ATA") on or around July 6, 2022.[8]

He was "made aware during the interim period," however, "that if he was not in good standing,

[he] would not be considered eligible for this training program."[9] Plaintiff was allegedly denied

admission to the ATA.[10] In September or October 2022, Plaintiff's manager Adrian Caldera

supposedly "demanded from the Plaintiff that he admit his own behavior was bad, and even

fatally unpopular, and to present that admission to subordinates as a self-improvement

---

[3] ECF No. 1, Compl. ¶ 12.

[4] *Id.*

[5] *Id.* ¶¶ 15, 16 (emphasis in original).

[6] *Id.* ¶¶ 36, 49, 51.

[7] *Id.* ¶ 53.

[8] *Id.* ¶¶ 176, 178.

[9] *Id.*

[10] *Id.* ¶ 181.

interrogatory."[11] Caldera "repeatedly sought to divest the Plaintiff of the merit of his

ex*perience*."[12] On December 10, 2022, Plaintiff claims to have filed an "'Ethics Point'"

disciplinary complaint "citing harassment, disciplinary fraud, and character assassination . . . as

part of a greater movement."[13] This complaint did not base any of the allegations on being in a

protected classification.[14] On December 18, 2022, Plaintiff claims that Amazon issued Plaintiff a

First Written warning based on "off-color statements" Plaintiff allegedly made on November 23,

2022.[15] The warning also noted Plaintiff's performance failures (coding errors) on November

28, 29, and 30, 2022.[16] Plaintiff acknowledged these errors, and Amazon issued a Final Written

warning.[17]

      In January and/or February 2023, Plaintiff claims to have filed another Ethics Point

complaint(s) after his managers "executed a hostile takeover of the Plaintiff's assigned duties,

while simultaneously discriminating against other associates."[18] Again, Plaintiff did not state

that any of the allegations were based on being in a protected classification.[19] On March 10,

2023, Plaintiff alleges that he appealed his Final Written warning.[20] In the course of his appeal,

---

[11] *Id.* ¶ 18.

[12] *Id.* ¶ 19 (emphasis in original).

[13] *Id.* ¶ 61.

[14] *Id.*

[15] *Id.* ¶ 92.

[16] *Id.* ¶ 99.

[17] *Id.* ¶¶ 101, 103.

[18] *Id.*¶¶ 104, 138.

[19] *Id.*

[20] *Id.* ¶¶ 130-131.

Plaintiff described his "unrelated independent civil litigation ACTIVE during this time, which does require an enormous level of effort," resulting in "holding back to back 80 to 100 work weeks."[21]

Following a teleconference, Amazon purportedly "rescinded the 'Final Written Warning.'"[22] On March 15, 2023, Plaintiff's managers "initiated a process to attempt to terminate the Plaintiff" by issuing another "First Written" warning.[23] In response to this discipline, Plaintiff admitted that he had previously "use[d] some sensitive language" but had been "under some more high-level stress which may have contributed to the oversight."[24]

On May 6 and/or 10, 2023, Plaintiff claims that he "complain[ed] for the last time," this time regarding a positive recommendation given to a manager leaving Amazon who Plaintiff felt had engaged in "'Intentional Mismanagement'. . . sufficient to constitute 'Stalking' under Utah law."[25] Amazon allegedly investigated the complaint and did not find any violation of policy or standards of conduct.[26] On July 11, 2023, Plaintiff "dispatched a 'Notice of Legal Intent,'" presumably regarding his intent to file the instant lawsuit.[27] Plaintiff's security token was then

---

[21] *Id.* ¶¶ 140-142.

[22] *Id.* ¶ 146.

[23] *Id.* ¶ 148.

[24] *Id.* ¶ 150.

[25] *Id.* ¶¶ 156-157, 168.

[26] *Id.* ¶ 168.

[27] *Id.* ¶ 171.

allegedly revoked sometime thereafter.[28] Plaintiff resigned from his employment at Amazon on July 24, 2023.[29]

## LEGAL STANDARD

Because Plaintiff appears pro se, the court has "liberally construe[d] his filings" but it "will not act as his advocate."[30] To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts sufficient to make the claim "plausible on its face."[31] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged.[32] In reviewing a motion to dismiss, the court assumes the truth of "all well-pleaded facts in the complaint, and draw[s] all reasonable inferences therefrom in the light most favorable to the plaintiffs."[33] "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[34] Courts therefore disregard legal conclusions masquerading as factual allegations.[35]

---

[28] *Id.* ¶ 172.

[29] *Id.* ¶ 12.

[30] *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[33] *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

[34] *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[35] *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) ("[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable.").

## DISCUSSION

The court will discuss Plaintiff's causes of action ((1) breach of contract; (2) harassment,

discrimination, retaliation and/or hostile work environment, which appears to be premised on

criminal stalking statutes; (3) tortious interference; (4) fraudulent misrepresentation; (5)

intentional infliction of emotional distress ("IIED"); and (6) negligence) in turn.

### I.    Breach of Contract

"Under Utah law, '[t]he elements of a prima facie case for breach of contract are (1) a

contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other

party, and (4) damages.'"[36] To properly state a claim, the party must allege sufficient facts to

support each of the foregoing elements.[37] Plaintiff, however, has not done so.

Plaintiff claims that because Amazon employees "sign a code of conduct," they "are

bound to an 'At-Will' contract."[38] But he then goes on to quote "Amazon's At Will

Employment" policy, which expressly rejects any finding of a contract between Amazon and its

associates:

> Employment at Amazon is not for any specified length of time, *and both the
> associate and the company have the right to end the employment relationship
> at any time, with or without cause and with or without prior notice or warning*.
> Only Amazon's general counsel and chief financial officer have authority to bind
> the company to policies or agreements that conflict with this policy of at-will

---

[36] *Premier Sleep Solutions, LLC v. Sound Sleep Med., LLC*, No. 2:20-cv-00062-JNP-JCB, 2021 WL 1192579, at *3 (D. Utah March 30, 2021) (quoting *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230-31 (Utah 2014)).

[37] *Id.*

[38] ECF No. 1, Compl. ¶ 192.

employment. Any such exception must be in a written agreement signed by Amazon's general counsel or chief financial officer.[39]

Regardless of whether Plaintiff believes that Amazon failed to follow its own internal policies,[40] he has not alleged any facts that would show a binding contract existed between the parties, much less that Plaintiff performed his obligations and Amazon breached the contract instead.[41] Thus, Plaintiff has not sufficiently alleged that there was an actual contract between Plaintiff and Amazon, no breach could have occurred, and this claim must be dismissed.[42]

## II. Hostile Work Environment, Discrimination, or Retaliation

Plaintiff repeatedly alleges that his supervisors harassed, discriminated, and retaliated against him. Plaintiff, however, does not state any such claim as a matter of law because he premises his claim(s) on "criminal stalking" allegations, not on any protected status.[43] Criminal statutes do not provide for a private cause of action and also cannot be used to state a claim for

---

[39] *Id.* ¶ 193 (emphasis added) (quoting Exhibit 30 thereto at 8 ("At Will Employment")); *Abbott v. BNSF Ry. Co.*, 383 F. App'x 703, 709 (10th Cir. 2010) (determining that "at will" language in the Code of Conduct indicates the employer's intent to not bind itself to a contract).

[40] ECF No. 1, Compl. ¶¶ 209-210.

[41] *See Gardner v. Deseret Mut. Benefit Admins.*, No. 2:14-CV-00602, 2016 WL 2588165, at *6 (D. Utah May 4, 2016) (no contract where employee manual clearly disclaimed contractual liability) (citing *Tomlinson v. NCR Corp.*, 345 P.3d 523, 529 (Utah 2014))).

[42] *Lee v. Univ. of New Mexico*, 449 F. Supp. 3d 1071, 1145 (D.N.M. 2020) (dismissing the breach of contract claim because no contract existed between the plaintiff and defendant – the defendant's policies and procedures were just guidelines and lacked the necessary promissory language to create contractual obligations)

[43] ECF No. 1, Compl. ¶ 223. Plaintiff confirms in his Response to the Motion that stalking is the cause of the "coerced resignation consistent with breach of contract." ECF No. 26, Resp. to Motion at ¶¶ 15, 23, 34, 39, 41, 45, 48.

hostile work environment, discrimination or retaliation.[44] If Plaintiff intended to plead a claim

for hostile work environment, discrimination, or retaliation, then he would need to allege

membership in a protected classification under Title VII of the Civil Rights Act of 1964 ("Title

VII"),[45] the Americans with Disabilities Act ("ADA"),[46] or the Age Discrimination in Employment

Act ("ADEA").[47] But Plaintiff has made no such allegations: he does not identify his race or age,

any disability, or any other protected classification, nor does he make any complaint about

discrimination or harassment. Plaintiff has therefore failed to support a claim for hostile work

environment, discrimination, or retaliation.

     To the extent Plaintiff attempts to plead a separate claim for constructive discharge, it

cannot stand as a freestanding cause of action. Constructive discharge constitutes an adverse

employment action—an element of an employment discrimination or retaliation claim, not an

independent claim in and of itself.[48]

     Moreover, even if Plaintiff had made the requisite allegations for hostile work

environment, discrimination, or retaliation, he has failed to allege that he exhausted the

---

[44] *See Semper v. Bessent*, 2025 WL 2046427, at *3 (10th Cir. July 22, 2005) ("criminal statutes do not provide a private cause of action" (citing *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002)).)

[45] 42 U.S.C. § 2000e et seq.; s*ee* 42 U.S.C. § 2000e-2(a)(1) (prohibiting employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," including sexual harassment based on gender (emphasis added)).

[46] 42 U.S.C. § 12101 et seq. (prohibiting discrimination on the basis of disability).

[47] 29 U.S.C. § 621 et seq. ("ADEA").

[48] *See, e.g., Rivero v. Bd. of Regents of Univ. of New Mexico*, 950 F.3d 754, 761 (10th Cir. 2020) (constructive discharge is an "adverse employment action" sufficient to support an employment discrimination claim under ADA).

administrative remedies that are a prerequisite for bringing any protected status claim.  Claims

for discrimination, harassment, and retaliation under Title VII, the ADA, and the ADEA require

that a plaintiff exhaust administrative remedies before filing suit.[49] Accordingly, his claim(s) for

hostile work environment, discrimination, or retaliation must be dismissed.

## III.  Tortious Interference

To state a claim for tortious interference with a contract, Plaintiff must show (1) that the

defendant intentionally interfered with the plaintiff's existing or potential economic relations;

(2) for an improper purpose or by improper means; and (3) causing injury to the plaintiff.[50]

Inherently, a party must have sufficiently alleged a breach of a contractual obligation.[51] There

is, however, a presumption that all employment relationships entered into for an indefinite

period of time are at-will.[52]

As an at-will employee, and as discussed above, Plaintiff did not have an employment

contract with Amazon that could be subject to a tortious interference claim.[53] In addition,

---

[49] *See, e.g.*, *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011) (citing 29 U.S.C. § 626(d)(1)(B)) (The law provides that no civil action may be commenced unless "the would be plaintiff first files a grievance with the appropriate administrative agency – and does so 'within 300 days after the alleged unlawful practice occurred.'").

[50] *Superior Water and Air, Inc. v. Puronics, Inc.*, No. 2:07CV838 DAK, 2008 WL 2627467, at *3 (D. Utah June 30, 2008).

[51] *1600 Barberry Lane 8 LLC v. Cottonwood Residential OP LP*, 2019 UT App 146, ¶ 21, 449 P.3d 949, 957.

[52] *Ray v. Wal-Mart Stores, Inc.*, 359 P.3d 614, 620 (Utah 2015); *Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033, 1044 (Utah 1989).

[53] *Zoumadakis v. Uintah Basin Med. Ctr., Inc.*, 2005 UT App 325, ¶ 9, 122 P.3d 891, 895 (trial court properly dismissed cause of action for tortious interference with employment contract because plaintiff was an at-will employee, without an employment contract.).

Plaintiff's claim suggests that Amazon could somehow tortiously interfere with its own contract, which is not possible.[54]

Indeed, Plaintiff seems instead to base his tortious interference claim on Amazon's denial of his admission to the ATA training program, akin to a failure-to-promote claim that would arguably and more properly fall under Title VII, the ADA, or the ADEA, which Plaintiff has failed to plausibly plead or exhaust, as discussed above.[55] As such, Plaintiff has failed to properly plead a tortious interference claim.

## IV. Fraudulent Misrepresentation

To state a claim for fraudulent misrepresentation under Utah law, Plaintiff must allege (1) that a representation was made; (2) concerning a presently existing material fact; (3) which was false;  (4) which the representor either (a) knew to be false; or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation; (5) for the purpose of inducing the other party to act upon it; and (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; and (9) to that party's injury and damage.[56]

Here, Plaintiff fails to allege what false representation was made and what action he took in detrimental reliance thereupon. At most, it appears Plaintiff objects to Amazon's

---

[54] *See SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1082 (10th Cir. 2018) (tortious interference claim requires interference of third party).

[55] *See Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1216 (10th Cir. 2022) (dismissing failure to promote claim under Title VII).

[56] *Chappell v. SkyWest Airlines, Inc.*, No. 4:21-cv-00083-DN-PK, 2021 WL 5882256, at *1 (D. Utah Dec. 13, 2021) (quoting *Cardon v. Jean Brown Research*, 327 P.3d 22, 24 (Utah Ct. App. 2014).

reviews of his performance and discipline arising from Plaintiff's conduct at work. Amazon's assessment of Plaintiff's performance and conduct are inherently opinions, not facts, and Plaintiff does not describe any detrimental action that he took because he relied on those reviews or disciplinary actions. Plaintiff's claim thereby fails as the pleadings do not properly allege the essential elements for a fraudulent misrepresentation claim.

## V. Intentional Infliction of Emotional Distress

Finally, Plaintiff suggests a claim for "vicarious infliction of emotional distress."[57]  As "vicarious infliction" does not exist as a claim for damages, the court has construed this claim as one for intentional infliction of emotional distress ("IIED"). An IIED claim under Utah law requires that a plaintiff show that (1) the defendant's conduct is outrageous and intolerable; (2) the defendant intends to cause emotional distress; (3) the plaintiff suffers severe emotional distress; and 4) the defendant's conduct proximately causes plaintiff's emotional distress.[58]

As an initial matter, none of the alleged conduct by Plaintiff is sufficiently "outrageous" as a matter of law to state an IIED claim. Outrageous conduct "is conduct that evokes outrage or revulsion; it must be more than unreasonable, unkind or unfair."[59] Additionally, conduct is not outrageous simply because it constitutes an "insult," "indignity," or act that is "definitely inconsiderate and unkind."[60] Conduct is also not outrageous because it is "unreasonable,

---

[57] ECF No. 1, Compl. ¶ 10.

[58] *Odunze v. Lake Effect*, No. 2:24-cv-00341-DBB-CMR, 2025 WL 756924, at *2 n.2 (D. Utah Jan. 17, 2025).

[59] *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002).

[60] *Ankers v. Rodman*, 995 F. Supp. 1329, 1336 (D. Utah 1997).

unkind, or unfair."[61] At most, Plaintiff alleges that Amazon disciplined him for problematic

behavior—at least some of which he admitted—and criticized his performance. These

allegations do not rise to the level of "outrageous" and "intolerable" for purposes of an IIED

claim.[62] Nor has Plaintiff alleged any facts that would show Amazon intended to harm him.[63]

Plaintiff therefore cannot prevail on his IIED claim.

**VI.  Negligence**

To the extent Plaintiff was attempting to state a claim of negligence against Defendant,

that claim also fails. Under Utah law, "[t]he essential elements of a negligence action are: (1) a

duty of reasonable care owed by the defendant to plaintiff; (2) a breach of that duty; (3) the

causation, both actually and proximately, of injury; and (4) the suffering of damages by the

plaintiff."[64] The existence of a duty is a matter of law,[65] and "[i]f the district court determines

that the defendant owed no duty to the plaintiff, 'there can be no negligence as a matter of

law.' "[66] Plaintiff has not set forth any facts in his Complaint or cited any case law in his

Response Memorandum that could possibly be construed to give rise to a duty that Defendant

---

[61] *Crowe v. SRR Partners, LLC*, 632 F. Supp. 3d 1233, 1242 (D. Utah 2022).

[62] *Id.* (allegation that former employer terminated the plaintiff while she was fighting cancer was not outrageous conduct, as required to state an IIED claim, although such conduct may have been unreasonable, unkind, or unfair.)

[63] *See Odunze*, 2025 WL 756924 at *2 n.2.

[64] *Williams v. Melby*, 699 P.2d 723, 726 (Utah 1985).

[65] *Torrie v. Weber Cnty.*, 309 P.3d 216, 220 (Utah 2013)

[66] *Crossgrove v. Stan Checketts Properties, LLC*, 344 P.3d 1163 (Utah 2015) (quoting *Tallman v. City of Hurricane*, 985 P.2d 892 (Utah 1999)).

owed to Plaintiff in this situation. Accordingly, any possible claim for negligence must be dismissed.

**VII.  Dismissal with Prejudice**

Plaintiff has not sought leave to amend his complaint to allege facts that would support his purported causes of action or to allege facts that would support other causes of action. Because he has not sought to amend his complaint, the court need not address whether permitting the filing of an amended complaint would be futile, and the court dismisses the action with prejudice.

CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 15] is GRANTED. Plaintiff's action is dismissed with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Judgment will be entered accordingly.

DATED this 14th day of November 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge